[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-15779
Non-Argument Calendar

_____

D. C. Docket No. 06-80081-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE RUMPH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2010)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Eddie Rumph, Jr., a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1)-(2). Rumph's § 3582(c)(2) motion is based on Amendment 706, which amended U.S.S.G. § 2D1.1 by lowering the base offense levels applicable to most crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713. However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 1601 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A).

---

[1]We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Here, Amendment 706 did not lower Rumph's applicable guidelines range. At his original sentencing, Rumph's advisory guidelines range initially was calculated as 97 to 121 months pursuant to § 2D1.1(a)(3) based on drug quantity. However, Rumph was subject to a statutory mandatory minimum twenty-year term of imprisonment due to his prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(A). As such, Rumph's applicable guidelines range became 240 months, pursuant to U.S.S.G. § 5G1.1(b), and the district court imposed the mandatory 240-month sentence. Accordingly, although Amendment 706 lowered the base offense level for Rumph's crack cocaine offense, it did not affect Rumph's applicable guidelines range of 240 months.

Rumph argues that the district court had authority to grant his § 3582(c)(2) motion because Rumph's original 240-month sentence subsequently was reduced to 180 months pursuant to the government's motion under Federal Rule of Criminal Procedure 35(b) based on Rumph's substantial assistance. We have rejected this argument in the context of an analogous substantial assistance motion made pursuant to U.S.S.G. § 5K1.1. See United States v. Williams, 549 F.3d 1337, 1339-42 (11th Cir. 2008). In Williams, this Court concluded that a district court's granting of a § 5K1.1 motion does not "effectively waive[ ] the statutory mandatory minimum and thus entitle[ ] [the defendant] to a sentence reduction

3

under Amendment 706." <u>Id.</u> at 1339. Likewise, the subsequent granting of a Rule 35(b) substantial assistance motion does not waive the statutory mandatory minimum as to the original sentence and does not make a defendant entitled to a § 3582(c)(2) reduction. The district court correctly concluded that Rumph is not eligible for a § 3582(c)(2) reduction based on Amendment 706.

**AFFIRMED.**